UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**EDWIN RAY JACOBS**                                    **CASE NO. 5:22-CV-1329**

**VERSUS**                                                        **JUDGE TERRY A. DOUGHTY**

**SAM'S EAST INC.**                                        **MAG. JUDGE KAYLA MCCLUSKY**

## MEMORANDUM RULING

Before the Court is a Motion for New Trial [Doc. No. 78] filed by Plaintiff Edwin Ray Jacobs ("Jacobs"). An Opposition [Doc. No. 80] was filed by Defendant Sam's East Inc. ("Sam's"). A Reply [Doc. No. 81] was filed by Jacobs.

For the reasons set forth herein, Jacobs' Motion for New Trial is **DENIED**.

### I.     BACKGROUND

Jacobs filed suit on February 9, 2022, in the Twenty-Sixth Judicial District Court, Parish of Bossier, State of Louisiana.[1] On May 18, 2022,[2] the case was removed to this Court. The petition alleges damages for injuries allegedly sustained by Jacobs at Sam's East in Bossier City, Louisiana, on March 9, 2021.

In his Petition for Damages, Jacobs alleged he purchased a grill in a box at Sam's and requested help to move the grill box to his vehicle. Jacobs claimed that only one Sam's employee came to assist him with the box, and he argues that this resulted in him having to help the employee take the box off of the shelf. As the grill box was being moved off the shelf, the box hit Jacobs, knocking him down and allegedly causing him injuries.

---

[1] [Doc. No. 1-1].
[2] [Doc. No. 1].

After a three-day jury trial beginning on April 1, 2024, the jury found Jacobs 70% at fault and Sam's 30% at fault. The jury awarded past medical expenses of $169,818.82,[3] past physical and mental pain and suffering of $20,000.00, $0 for future physical and mental pain and suffering, and $0 for loss of enjoyment of life and disability. The total amount of damages was $189,818.82.[4]

A Judgment[5] was signed on April 12, 2024. The pending Motion for New Trial[6] was filed by Jacobs on May 8, 2024. Jacobs contends a new trial should be granted because the damage award of $20,000.00 was lower than the lowest reasonable amount that can be awarded for the injuries Jacobs sustained. Additionally, Jacobs maintains a new trial should be granted because the jury abused its discretion in allocating 70% of the fault to Jacobs.

**II.    LAW AND ANALYSIS**

Federal Rule Civ. P. Rule 59(a) provides that the trial court can grant a new trial on some or all of the issues "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Rule 59 gives the trial court power to prevent a miscarriage of justice or manifest injustice in the jury's verdict. *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 481-82 (5th Cir. 2004).

In an action based on state law but tried in federal court due to diversity of citizenship, a district court must apply a new trial or additur standard according to the

---

[3] Which was the stipulated amount of medical incurred by Jacobs after the accident.
[4] [Doc. No. 74].
[5] [Doc. No. 77].
[6] [Doc. No. 78].

state's law controlling jury awards for excessiveness or inadequacy. *Fair v. Allen*, 669 F.3d 601, 604 (5th Cir. 2012).

Under Louisiana law, a party is entitled to a new trial, "when the verdict or judgment appears clearly contrary to the law and evidence." La. Code Civ. P. Art. 1972. Additionally, a court can grant a new trial "in any case if there is a good ground therefor, except as otherwise provided by law." La. Civ. P. Art. 1973. Under Louisiana law, additur is the only alternative to a new trial when the jury's damage award is legally deficient. La. Code of Civ. P. Arts. 1811 and 1814.

In a federal diversity proceeding, due to the Seventh Amendment to the United States Constitution, a federal court is prohibited from granting an additur. When an additur would otherwise be proper, the only option available to a federal court sitting in diversity is to grant a new trial. *Kaufman v. Wal-Mart Stores, Inc.*, 2017 WL 11674147 at 2-3, (E.D. La., December 8, 2017).

The discretionary power to grant a new trial must be exercised with considerable caution, for a successful litigant is entitled to the benefits of a favorable jury verdict. Fact finding is the province of the jury, and the trial court must not overstep its duty in overseeing the administration of justice and unnecessarily usurp the judge's responsibility…. Thus, the jury's verdict should not be set aside if it is supportable by any fair interpretation of the evidence. *Martin v. Heritage Manor S. Nursing Home*, 784 So.2d 627, 630 (La. 2001).

Therefore, the burden is on Jacobs to show the verdict was not supported by any fair interpretation of the evidence.

### A. Percentage of Fault

The jury found Sam's East 30% at fault and Jacobs 70% at fault. Jacobs argues the jury abused its discretion in allocating 70% of the fault to Jacobs. There was evidence presented at trial to support this verdict. Jacobs testified that he asked for two Sam's employees to move the grill, but only one, Xavier Means ("Means"), came. Jacobs testified that Means insisted Jacobs help move the box. However, Means offered conflicting testimony, testifying that Means planned to move the box on his own, but Jacobs insisted on helping Means move the box.

On cross-examination, Jacobs admitted that he had prior cervical surgery and would be under duress if he lifted the box. Jacobs also testified that he did not necessarily *have* to Means move the box. Jacobs could have gone outside and waited in his vehicle for the grill to be delivered; he could have refused to help lift the box; he could have insisted Means find another associate; he could have returned to the cash register to ask for another associate; he could have gone to customer service; he could have requested the grill be delivered to his home; and he could have scheduled a later pick-up.

Therefore, it is clear that the jury had evidence presented to it that was sufficient for the jury to find Jacobs 70% at fault. The jury had sufficient evidence to have found that Jacobs, who was not supposed to lift heavy objects, chose to help lift the grill, despite other options. And Means, who testified live at trial, was a big, strong employee. The jury could have believed Means had the physical ability to lift the grill by himself.

**B.     Damage Award**

The jury awarded the total amount of medical Jacobs incurred after the accident,[7] $20,000.00 for past physical and mental pain and suffering, $0 for future physical and mental pain and suffering, and $0 for loss of enjoyment of life and disability. Jacobs argues that the award of all his medical incurred means the jury found that all of Jacobs' injuries were caused by the fall. However, the question before this Court is not why the jury awarded Jacobs all of his medical. The question is whether the award of $20,000.00 was supported by any fair interpretation of the evidence.

The $20,000.00 damage award was reasonable in light of the testimony of Dr. Eric Oberlander ("Dr. Oberlander"). In his trial deposition, Dr. Oberlander testified that based upon Jacobs' medical history and medical records he did not believe the incident at Sam's caused the need for Jacobs' surgery. He testified that the medical records after the March 9, 2021, incident at Sam's showed no complaint of neck pain and arm issues shortly after the fall. Based upon Jacobs' medical records before the accident, Jacobs had pre-existing disc disease, which the doctor described as "serious issues." Dr. Oberlander believed the need for Jacobs' surgery was a natural progression of his preexisting disc disease and not by the incident at Sam's. Because of this testimony, the jury's damage award of $20,000.00 for past physical and mental pain and suffering is supported by this portion of the evidence.

Dr. Oberlander's testimony was also sufficient for the jury to have found $0 for future physical and mental pain and suffering and $0 for loss of enjoyment of life and

---

[7] $169,818.82

5

disability. Dr. Oberlander testified when he saw Jacobs on September 26, 2023, Jacobs had no pain, and he felt Jacobs had completely recovered. Dr. Oberlander saw no need for any future treatment for Jacobs.

Jacobs contends the fact that the jury awarded Jacobs' full medical $169,818.82 means the jury found Jacobs' surgeries were caused by the accident. That cannot be assumed, especially in light of the damage awards. Jacobs is not complaining about the past medical award – just the damage award. There is sufficient evidence to support the $20,000.00 award for damages, along with the $0 awards. It is impossible to know why the jury awarded the full past medical. Both Jacobs and his wife Rebecca Jacobs told the jury that Mr. Jacobs had lost his job, let his medical insurance go, and did not have medical coverage at the time of the accident. Both also testified that they would never have filed this suit if Sam's East had paid their medical. However, the past medical award is not at issue. The issue is not why the jury awarded Jacobs the full past medical, but whether there is sufficient evidence to support the damage award of $20,000.00. The Court finds that there is, and it sees no reason to grant a request for a new trial under these circumstances.

### III. CONCLUSION

Accordingly, and for the reasons set forth herein,

**IT IS ORDERED** that the Motion for New Trial [Doc. No.78] filed by Edwin Jacobs is **DENIED**.

MONROE, LOUISIANA, this 14th day of June 2024.

_____
**TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE**